[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11785
Non-Argument Calendar
_____

D.C. Docket Nos. 1:13-cv-03975-RWS; 03-bkc-94405-PWB


In Re: ARTHUR LEWIS GHEE,

                                                              Debtor.
_____

ARTHUR LEWIS GHEE,

                                                              Plaintiff-Appellant,

                              versus

DEPARTMENT OF HUMAN RESOURCES,
(Montgomery, AL),
DALLAS COUNTY DEPARTMENT OF HUMAN RESOURCES,

                                                              Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(December 23, 2014)

Before TJOFLAT, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

In April 2003, Arthur Lewis Ghee filed for Chapter 7 bankruptcy protection, listing a debt claimed by the Alabama Department of Human Resources for unpaid interest that had accrued on his child-support arrears pursuant to Alabama law. In August 2003, the bankruptcy court issued a discharge order. Subsequently, the Alabama Department of Human Resources engaged in various activities to try to collect the debt, eventually obtaining an Alabama judgment against Mr. Ghee for the unpaid child-support interest.

In 2011, Mr. Ghee filed a *pro se* adversarial action in bankruptcy court, arguing that the Alabama Department of Human Resources' collection activities violated the discharge injunction under 11 U.S.C. § 524, and seeking to enjoin any future collection activities. Mr. Ghee also disputed that he owed any child-support interest, and if so, the amount he owed. The Alabama Department of Human Resources moved for summary judgment, arguing that the child-support interest debt was not discharged by the bankruptcy court's August 2003 discharge order.

The bankruptcy court granted summary judgment for the Alabama Department of Human Resources and abstained pursuant to 28 U.S.C. § 1334(c)(1) from determining the amount of child-support interest Mr. Ghee owed under

Alabama law.  The district court affirmed the order, which Mr. Ghee, proceeding *pro se*, now appeals.

"We review the district court's decision to affirm the bankruptcy court *de novo*, which allows us to assess the bankruptcy court's judgment anew, employing the same standard of review the district court itself used."  *In re Globe Mfg. Corp.*, 567 F.3d 1291, 1296 (11th Cir. 2009).  Upon review of the record and the parties' briefs, we affirm.

The bankruptcy court properly determined that any interest Mr. Ghee owed on child-support arrears under Alabama law was not discharged by the bankruptcy court's August 2003 discharge order, as pre-petition child-support interest is part of a non-dischargeable child-support obligation under 11 U.S.C. § 523(a)(5) (2002).  *See In re Diaz*, 647 F.3d 1073, 1089-90 & n.14 (11th Cir. 2011) ("[I]t is clear that pre-petition interest . . . [is] part of a nondischargeable child-support obligation. . . .").  As such, the Alabama Department of Human Resources' attempts to collect that interest could not have violated 11 U.S.C. § 524's discharge injunction, and the bankruptcy court's granting of the motion for summary judgment was appropriate.  *See id.* at 1090 ("[T]he bankruptcy court was mistaken in its belief . . . that the Florida DOR's and Virginia DSS's post-discharge efforts to collect unpaid interest on Diaz's child-support obligation could constitute violations of the discharge injunction.").

3

We lack jurisdiction to review the bankruptcy court's decision to abstain from deciding whether Mr. Ghee owes child-support interest pursuant to his divorce decree and state law, and, if so, the amount he owes. *See* 28 U.S.C. § 1334(d) ("Any decision to abstain or not to abstain made under subsection (c) . . . is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title . . . ."); *In re Harrell*, 754 F.2d 902, 907 (11th Cir. 1985) (holding that a bankruptcy court's inquiry is properly limited to determining whether the obligation at issue is a support obligation as opposed to a property settlement and rejecting the "Debtor's attempt to expand the dischargeability issue into an assessment of the ongoing financial circumstances of the parties to a marital dispute"). *See also Stern v. Marshall*, 131 S. Ct. 2594, 2620 (2011) (noting that § 1334(c) applies to bankruptcy courts).[1]

Accordingly, the bankruptcy court's grant of summary judgment for the Alabama Department of Human Resources is **AFFIRMED**, and Mr. Ghee's appeal of the bankruptcy court's abstention is **DISMISSED** for lack of jurisdiction.

---

[1] We find no merit to Mr. Ghee's unsubstantiated argument that the bankruptcy court and the district court violated his right to equal protection of the laws or his right to contract.